UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                              CRIMINAL ACTION

VERSUS                                                            NO. 13-280

ROBERT EUGENE SWAN                                         SECTION "R"


## ORDER AND REASONS

Before the Court is defendant Robert Swan's motion for discovery.[1] Defendant seeks "a copy of [his] discovery, judges notes, all transcripts (including grand jury), [his] plea agreement, indictment and information/complaint, and any other available documents."[2] Because defendant has not shown good cause for discovery, the Court denies the motion.

Defendant's judgment became final three years ago on January 20, 2016.[3] He would therefore need discovery in the context of a petition for habeas corpus. A petitioner is entitled to discovery for a motion under Section 2255 only for "good cause shown." *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004); *see also* Rules Governing Section 2255

---

[1]   R. Doc. 50.
[2]   *Id.* at 1.
[3]   *See* R. Doc. 49 at 1.

Proceedings, Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery . . . ."). A court should allow discovery "only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief. *Webster*, 392 F.3d at 801-02. Conclusory allegations do not raise a factual dispute. *Id.* at 802.

Swan does not identify the claims that he intends to make, or any factual disputes related to those claims. Indeed, Swan has not indicated an intention to file a habeas petition. He has not made even conclusory allegations about his need for the documents he seeks other than to say that they are necessary.[4] Without more specific allegations, he is not entitled to relief. Accordingly, defendant's motion for discovery is DENIED.

New Orleans, Louisiana, this 2nd day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 50 at 1.